UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEONTA BENTON,

        Petitioner,

v.                                            Case No. 18-C-564

MICHAEL DITTMANN, *Warden*,

        Respondent.

**SCREENING ORDER**

On June 3, 2014, a jury convicted Petitioner Deonta Benton of felony murder and first degree recklessly endangering safety in violation of Wisconsin Statutes §§ 940.03 and 941.30, respectively, under a party to a crime theory of liability. On July 29, 2014, Benton was sentenced to total of 25 years imprisonment and 10 years of extended supervision. Benton appealed on two grounds: first, insufficient evidence of felony murder, and second, improper admission of hearsay evidence. The Court of Appeals rejected his arguments and affirmed his conviction in an unpublished order on August 3, 2017. *See State v. Benton*, 2017 WI App 66, 378 Wis. 2d 29, 904 N.W.2d 143. On November 13, 2017, the Wisconsin Supreme Court denied Benton's petition for review. On April 11, 2018, Benton filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pursuant to Rule 4 of the Rules Governing § 2254 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge

must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2254 Proceedings. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2254.

Benton has listed two separate grounds of relief in his petition. First, he claims that the evidence was insufficient to support a conviction for felony murder under the theory of the case submitted by the court in its oral, as opposed to its written, instructions to the jury. A claim of insufficiency of the evidence can amount to a violation of a defendant's due process right under the Fourteenth Amendment. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (holding that "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt"). Second, Benton claims that a co-actor (Tynell McCoy) was allowed to testify that a fellow jail inmate told McCoy that Benton had threatened him. Benton claims that this violated his Sixth Amendment right to confront the witnesses against him. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004) ("Where testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination."). It is clear from the petition and its attachments, however, that Benton is not entitled to habeas relief under § 2254 on either ground he has asserted.

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The granting of such relief by federal courts is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which

2

"significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimeti*, 332 F.3d 1081, 1087 (7th Cir. 2003). Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Neither of Benton's claims meet this exacting standard.

**A. Insufficiency of Evidence**

Benton's claims of insufficiency of the evidence is based on what the Wisconsin Court of Appeals characterized as an instructional error. Benton was charged with felony murder arising out a plan he and two others allegedly devised to break into a drug house and rob the occupants of money and marijuana. Jones and an individual identified by his initials as R.M. were inside the house when the three broke in, and Jones was shot and killed by one of the intruders. At trial, there was no dispute that two of the intruders were Jerron Washington and Tynell McCoy. Washington and McCoy named Benton as the third and identified him as the shooter. Benton's defense was that he was not there, and that Washington and McCoy were lying.

Under Wisconsin law, felony murder is committed when a defendant causes the death of a person while committing or attempting to commit certain felonies, including armed robbery. Wis. Stat. § 940.03. The jury was correctly told that Benton was guilty of felony murder if Benton was "party to the crime of armed robbery and the death of Nathaniel Jones was caused by the commission of armed robbery." ECF No. 2-1 at 8. The state's theory of case was that Jones was killed in the

3

course of the armed robbery of R.M., the only person from whom money was taken. Both the preliminary instructions given before trial began, and the written instructions given to the jury when they began their deliberations identified R.M. as the robbery victim. In reading the closing instructions to the jury, however, the trial court apparently misidentified Jones as the robbery victim. Because there was no evidence that Jones was ever robbed, Benton argues the evidence was insufficient to establish his guilt under the theory submitted by the court.

The Wisconsin Court of Appeals rejected Benton's challenge, finding that the trial court's mistake was a harmless instructional error. The court noted that not only did the opening instructions and the written instructions that were provided to the jury correctly identify R.M. as the robbery victim, but all of the evidence and argument offered by the prosecution did so as well. There was no dispute that an armed robbery occurred; the only dispute was whether Benton was the third intruder who entered the house with Washington and McCoy. "These facts," the court held, "persuade us that the oral instructional error did not cause the jury to misunderstand that the issue, as to the predicate robbery offense, was whether there was an armed robbery of R.M." The court further concluded: "It defies reason to think that the oral reference mislead the jury when (1) the initial oral instruction, (2) all pertinent trial evidence, (3) the entirety of closing argument, and (4) the written instructions given to the jury all pointed to R.M. as the alleged robbery victim for purposes of the felony murder charge." *Id.* at 10.

The Wisconsin Court of Appeals' decision on this issue is not contrary to or an unreasonable application of clearly established federal law. The evidence was more than sufficient to support the jury's finding that Benton was the third person who participated in the armed robbery that caused the death of Jones. Indeed, Benton does not really argue that it was not. His argument is that the

evidence was not sufficient to prove Jones was himself robbed. But as the court of appeals explained, that was not the state's theory of the case, and the trial court's isolated and mistaken reading of the instructions was not enough to make it so. Benton's claim of insufficiency of the evidence therefore fails.

**B. Violation of Confrontation Right**

Benton also claims that his Sixth Amendment right to confront the witnesses against him was violated when McCoy was allowed to testify that another jail inmate told him that Benton had threatened McCoy. At the end of his direct examination, the prosecutor asked McCoy if he had been threatened. ECF No. 2-1 at 50. McCoy said he had been threatened by Benson. The prosecutor then asked McCoy if that was part of the reason he appeared to be "scared to testify today?" McCoy answered "Yes." *Id.* at 51. On cross examination, McCoy explained that Benton had not directly threatened him, but a threat supposedly from Benton had been communicated to him by another inmate at the jail. Counsel then moved to strike the testimony concerning the threat and asked that the jury be instructed to disregard the testimony on the ground that it was hearsay. *Id.* The prosecutor argued in response that the evidence went to McCoy's state of mind and was therefore admissible, and the trial court overruled the objection. Benton now claims that the admission of this evidence violated his Sixth Amendment right to confront the witnesses against him.

Benton did not argue that the trial court's admission of, or failure to strike, the testimony that he had threatened McCoy violated his rights under the Sixth Amendment's Confrontation Clause in state court. Instead, he argued that the testimony was inadmissible hearsay and that the trial court erred in failing to strike it and instruct the jury to disregard it. Rather than defend the trial court's ruling on the merits, the state argued on appeal that the error was harmless. The Court of Appeals

5

agreed. The court noted that the challenged evidence was similar to other evidence that was properly admitted and that the evidence of guilt was overwhelming in light of the only defense that was offered–namely, "exceedingly weak alibi testimony from several of Benton's relatives." *Id.* at 17.

The evidence recounted by the court amply supports its conclusion that any error was harmless. *Id.* at 17–22. More importantly, Benton never claimed that the trial court's ruling violated his Sixth Amendment confrontation rights. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ." *Id.* at 845; *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). By failing to alert the Wisconsin courts of his confrontation clause claim, Benton failed to provide those courts such an opportunity.

Finally, even if Benton had asserted a confrontation clause claim in state courts, the result would be the same. The Confrontation Clause of the Sixth Amendment only applies to out-of-court statements that are "testimonial." *Crawford*, 541 U.S. at 51–52. Although the standard rules of hearsay are relevant for determining whether a statement is testimonial, "[i]n the end, the question is whether, in light of all the circumstances, viewed objectively, the 'primary purpose' of the conversation was to 'create an out-of-court substitute for trial testimony.'" *Ohio v. Clark*, 135 S. Ct. 2173, 2180 (2015) (quoting *Michigan v. Bryant*, 562 U.S. 344, 358–59 (2011)). Under this

6

standard, the challenged testimony was clearly not testimonial. As a result, Benton's Confrontation Clause fails also. His petition will therefore be summarily **DENIED**, and the Clerk is directed to enter judgment **DISMISSING** the case.

Having disposed of this petition, the Court must decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Here I conclude that reasonable jurists could not debate the outcome, and the petitioner has not shown the denial of any constitutional right. The certificate of appealability is therefore **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this   9th   day of May, 2018.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
